IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN W. BOHN, # 08570-025, )
                                )
            Plaintiff,          )
                                )
    vs.                         )   Case No. 17-cv-1292-JPG
                                )
FEDERAL BUREAU of PRISONS,      )
LT. DUGDALE,                    )
and DR. SEARS,                  )
                                )
            Defendants.         )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the FCI-Greenville, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority.[1] *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He claims that Greenville officials negligently allowed him to attempt suicide while he was on suicide watch. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

---

[1] Although Plaintiff does not articulate his claims as civil rights violations, the Complaint appears to be brought under *Bivens* because he seeks to recover damages from individual federal officials. Plaintiff did not use the Court's standard complaint form, which includes check-boxes for a plaintiff to indicate whether he seeks to bring a civil rights complaint or a complaint under the Federal Tort Claims Act.

1

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal. However, Plaintiff shall have an opportunity to re-plead his claims in an amended complaint.

**The Complaint**

On August 22, 2017, Dr. Sears (psychologist) ordered Plaintiff to be placed on suicide watch in a "secured suicide room." (Doc. 1, p. 1). Dr. Sears escorted Plaintiff to the medical department, where Lt. Dugdale conducted a strip-search of Plaintiff, and then searched the

2

suicide room.  Dugdale was satisfied with the search and locked Plaintiff inside the room.  These activities were recorded by video camera surveillance, as were the ensuing events.

The following day (August 23, 2017), Dugdale returned, placed Plaintiff in handcuffs, and once again searched Plaintiff and searched the room.  Dugdale was "satisfied" that Plaintiff and the room were "secured," so he removed Plaintiff's handcuffs and departed at about 12:05 p.m.  (Doc. 1, p. 1).

Soon after Dugdale left, at about 12:45 p.m., Plaintiff sliced his left wrist 5 times with a razor blade that he found inside the suicide room.  (Doc. 1, p. 2).  At 1:00 p.m., the "suicide companion" called for assistance and other staff responded.  Plaintiff was given medical attention for his wounds.  He does not say where in the room the razor blade had been located.

After Plaintiff's attempted suicide, Dr. Sears lied about the incident and fired a suicide companion.

Plaintiff seeks to hold Sears and Dugdale responsible for leaving him in the suicide room where he was able to locate a razor blade, asserting that Dugdale and Sears were negligent in failing to hold him in a safe place while he was on suicide watch.  (Doc. 1, pp. 2-3).  The 3-page Complaint does not contain a prayer for relief.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

As noted above, this action is subject to dismissal for failure to state a claim upon which relief may be granted, for the following reasons.

A lawsuit brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), is the federal prisoner's equivalent to a § 1983 civil rights action.  *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir.

1997) (collecting cases). Plaintiff's claim that the conditions of his confinement in the suicide-watch cell placed him in danger of serious bodily injury falls under the Eighth Amendment.

In a case involving conditions of confinement in a prison, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842. It is well-settled that mere negligence is not enough. *See, e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

In Plaintiff's case, allowing a suicidal inmate to have access to a razor blade certainly creates an excessive risk to his health and safety, thus satisfying the objective element of a civil rights claim. However, the Complaint fails to demonstrate deliberate indifference on the part of either Sears or Dugdale. Nothing in Plaintiff's statement of claim remotely suggests that Dugdale or Sears *knew*, or even suspected, that a razor blade was inside the cell with Plaintiff, or that they placed him in the cell without regard to the risk that he might use a razor blade to harm himself. To the contrary, Dugdale searched both Plaintiff's person and the room two different

times – which demonstrates an exercise of due care to avoid placing Plaintiff at risk. Sears did not personally conduct the search, but relied on Dugdale to make sure that Plaintiff would not be in harm's way while on suicide watch. Both Defendants took "reasonable measures to meet a substantial risk of serious harm," which is all that is required to satisfy Eighth Amendment concerns. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff also names the Federal Bureau of Prisons as a Defendant. However, a government entity is not a proper Defendant in a *Bivens* claim, because only an individual federal official (in his or her personal capacity) may be sued in a *Bivens* action. *See Bunn v. Conley*, 309 F.3d 1002, 1009 (7th Cir. 2002). The Bureau of Prisons shall therefore be dismissed from the action with prejudice.

In Plaintiff's own words, he relies on a theory of "negligence" on the part of the Defendants. (Doc. 1, pp. 1, 3). Regardless of which words Plaintiff chooses to describe Dugdale's and Sears's conduct, the factual allegations demonstrate that they were at most negligent in searching the suicide cell – and not deliberately indifferent to a risk of harm. Negligence does not violate the Eighth Amendment, and for this reason, the Complaint fails to state a claim for a violation of Plaintiff's constitutional rights. Accordingly, the Complaint shall be dismissed without prejudice, with leave to amend.

Notably, a federal prisoner may recover damages in federal court for personal injury caused by the negligence of a federal employee, if a suit is properly brought under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 *et seq.*; *see Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (Under the FTCA, "federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials") (discussing *United States v. Muniz*, 374 U.S. 150 (1963)). A plaintiff may not maintain a suit pursuant to the FTCA,

however, unless he has first presented his claim to the appropriate federal agency for administrative review, and the agency has denied the claim. 28 U.S.C. § 2675(a). If the claim is denied by the agency, a lawsuit must be filed within the applicable time limits.

Plaintiff may be able to pursue his negligence claim in the context of an FTCA action. His Complaint does not reveal whether or not he has begun the administrative review process for a tort claim, let alone exhausted it. If he has not filed an administrative claim, it appears that he still has time to do so. Section 2401(b) of the FTCA provides that an administrative claim must be presented within two years from the time the claim accrues. 28 U.S.C. § 2401(b). Plaintiffs bringing claims under the FTCA generally show exhaustion by filing with their complaint a copy of the "final denial of claim" letter indicating that agency review has been completed and the individual may seek relief in court.

If Plaintiff brings a lawsuit under the FTCA, he shall note that in an action under the FTCA, the United States of America is the only proper Defendant. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). The Complaint should describe the conduct of individual federal actors that is alleged to have caused injury to the Plaintiff, but the federal employees should not be named as Defendants.

### Amendment of the Complaint

If Plaintiff believes that facts exist that will demonstrate unconstitutional deliberate indifference on the part of Dugdale and/or Sears, he may submit an amended complaint to re-plead his *Bivens* claim, in accordance with the instructions below.

Alternatively, if Plaintiff wishes to pursue an FTCA lawsuit based on negligence, *and* if he has already exhausted his administrative remedies, he may submit an amended complaint in this action setting forth his claim under the FTCA. However, if Plaintiff has not yet completed

the administrative claim process required before bringing suit under the FTCA, he must file a new lawsuit to bring the FTCA claim, after the claim has been administratively exhausted. He cannot present an FTCA claim in this action unless he has already exhausted the administrative process, because a lawsuit prematurely filed prior to exhaustion must be dismissed.

If Plaintiff chooses to submit an amended complaint to present either a *Bivens* claim or an FTCA claim, he is strongly encouraged to use the Court's pre-printed complaint form.

### **Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 3) shall be addressed in a separate order. Plaintiff shall note that he incurred the obligation to pay the filing fee for this action when he filed the Complaint. That obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP. *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

On December 15, 2017, the Clerk received and filed Plaintiff's "Motion for Conjunction" (Doc. 4). In this motion, Plaintiff complains that he has been unable to access the prison law library in the Special Housing Unit ("SHU"). Plaintiff has been housed in the SHU since October 24, 2017, and has sent out daily requests for law library access, to no avail. He is concerned that his ability to prepare for litigating this case will be hindered if he is unable to access the library, and asks the Court to order prison officials to allow him law library access.

This motion (Doc. 4) is **DENIED** without prejudice. At this juncture, Plaintiff has the opportunity to submit an amended complaint, in order to present additional *facts*, to either restate his deliberate indifference claim, or to pursue a claim under the FTCA. Plaintiff alone has knowledge of the relevant facts that may support his claims – no legal argument is required at this stage, and no law library time is necessary in order to present these facts to the Court. If

Plaintiff finds that an extension of time is necessary as this case progresses, he may submit another motion.

**Disposition**

The Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **FEDERAL BUREAU of PRISONS** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (on or before **January 16, 2018**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. The same form may be used to bring an FTCA claim. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-1292-JPG.

In the amended complaint, Plaintiff shall specify, *by name*,[2] each Defendant alleged to be liable, as well as the actions alleged to have been taken by that Defendant.[3] Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original Complaint, rendering the

---

[2] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.
[3] For a *Bivens* claim, Plaintiff must name individuals as Defendants. If Plaintiff instead brings a claim under the FTCA, his statement of claim should identify the individual actors whose actions or omissions caused his injuries, and follow the instructions herein as to describing each individual's conduct. However, those individuals are not included as Defendants – the United States of America is the only Defendant under the FTCA.

original Complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice. FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.  Such dismissal may count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff decides to pursue a claim under the FTCA and has not yet exhausted his administrative remedies, he shall so advise the Court in writing, so that the dismissal order may reflect that failure to exhaust.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.  If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 18, 2017**

s/J. Phil Gilbert<br>
United States District Judge