## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JONATHAN W. BOHN, # 08570-025,    )
   )
      **Plaintiff,**    )
   )
   vs.    )       **Case No. 17-cv-1292-JPG**
   )
LT. DUGDALE,    )
and DR. SEARS,    )
   )
      **Defendants.**    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff's motion (Doc. 13) filed on February 20, 2018. It is apparent from this document that Plaintiff has failed to understand the Court's instructions regarding filing an amended complaint. The Court shall therefore grant Plaintiff another opportunity to submit a complete amended complaint (to be labeled "Second Amended Complaint") in order to present all his allegations in a single document.

Previously, the Court reviewed Plaintiff's original Complaint (Doc. 1) and determined that it failed to state a constitutional claim upon which relief may be granted. (Doc. 7, December 18, 2017). In that Order, Plaintiff was directed to file his First Amended Complaint by January 16, 2018, if he wished to proceed with his constitutional claims. He was instructed that piecemeal amendments are not acceptable, and his amended complaint must contain all the allegations to support his claims. Plaintiff was also instructed that if he wished to bring a claim pursuant to the Federal Tort Claims Act ("FTCA"), he must be sure to exhaust his administrative tort claim remedies before doing so. He was directed to advise the Court if he had not yet exhausted his tort claim remedies, so that any FTCA claim could be dismissed from this action

1

without prejudice (to allow for later re-filing subsequent to exhaustion). The Court sent Plaintiff a blank complaint form. The Order also denied Plaintiff's request for an order allowing him to access the law library (Doc. 4), because legal argument or citations are not required in a complaint; only factual allegations should be included.

On the same day the December 18, 2017, Order (Doc. 7) was entered, the Court received Plaintiff's "Supplement; Motion of Negligence, 'Complaint,'" which was docketed as Doc. 6. This Supplement included factual allegations which Plaintiff had not presented in the original Complaint. Plaintiff had submitted it before he received the Order at Doc. 7. The Court entered another Order (Doc. 8) informing Plaintiff that the "Supplement" had been received but would not be considered because it amounted to an attempt to add to his pleading in a piecemeal manner. Plaintiff was advised to follow the instructions in the Order at Doc. 7 in order to prepare his First Amended Complaint.

On January 2, 2018, the Court received Plaintiff's First Amended Complaint (Doc. 10). While the merits review of this pleading has not yet been completed, the Court observes that it does not contain *any* of the material Plaintiff had previously offered in his "Supplement" at Doc. 6, and does not include any of the allegations from the original Complaint. The First Amended Complaint indicates that Plaintiff submitted a tort claim, but says that there was no response. (Doc. 10, p. 4).

Plaintiff's newest submission (the motion at Doc. 13) includes additional factual allegations, which Plaintiff labels "Stipulated Facts." (Doc. 13, pp. 2-3). Again in this document, Plaintiff asserts that he was the victim of an "act of negligence." (Doc. 13, p. 2). Plaintiff also enclosed several medical records with this motion.

The Court will **not** consider the documents which Plaintiff has submitted in a piecemeal

fashion to be part of his operative complaint.  Therefore, if Plaintiff wants the complete set of allegations that he has included in the various documents described above (Docs. 1, 6, 10, and 13) to be considered as part of his claim, he must re-submit a new amended complaint, which includes his entire factual narrative in a single document.  His exhibits/medical records must also be re-submitted with his new amended complaint, if he wants them to be reviewed by the Court.

Plaintiff is **REMINDED** that an allegation of negligence, or facts that demonstrate negligence, are *not* sufficient to state a claim for a violation of the Eighth Amendment in a *Bivens* lawsuit.  In order to demonstrate unconstitutional deliberate indifference, the complaint must show that a prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm to the plaintiff, from a condition that created an excessive risk to his health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Alternatively, a negligence claim may be brought under the Federal Tort Claims Act (naming the United States as the Defendant), but only if the plaintiff has first presented that claim through the agency's administrative tort claim procedure, and received a final decision on that claim.  *See* 28 U.S.C. § 2671 *et seq.*; *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).

**IT IS THEREFORE ORDERED** that, if Plaintiff wants the Court to consider the factual allegations which to date he has presented in piecemeal form, Plaintiff shall submit them to the Court in the form of a Second Amended Complaint, which shall be filed within 28 days of the entry of this order (on or before **March 22, 2018**).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "Second Amended Complaint" and include Case Number 17-cv-1292-JPG.

If Plaintiff does not submit a Second Amended Complaint within the allotted time and in compliance with the Court's instructions, the Court shall proceed to conduct the threshold

§ 1915A review on the First Amended Complaint (Doc. 10) – and that review shall *not* include any consideration of the other piecemeal documents submitted by Plaintiff (Docs. 6 and 13).

Plaintiff is **REMINDED** that an amended complaint supersedes and replaces all previous Complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a Complaint. Thus, the Second Amended Complaint must contain *all* the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

Plaintiff is **ADVISED** to review the reasons for dismissal of his original Complaint in the Court's Order of December 18, 2017 (Doc. 7), and follow the instructions contained there with reference to the amendment of his complaint.

In order to assist Plaintiff in preparing a Second Amended Complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

The Clerk is further **DIRECTED** to send Plaintiff a copy of the docket sheet for this case at no charge, as a courtesy to assist him in tracking the filing of his various documents. If Plaintiff wants to have copies of any other Court documents, he must submit pre-payment at the rate of $0.50 per page.

Plaintiff's Motion (Doc. 13) is **DENIED IN PART** insofar as it seeks to add material in a piecemeal fashion to his First Amended Complaint. The Motion is **GRANTED IN PART** to give Plaintiff one more opportunity to submit his claims and allegations in the form of a Second Amended Complaint.

Plaintiff recently submitted a nonsensical document with a caption of "Independent Freedom Fighter Court – Southern Illinois District," which was docketed as a motion at Doc. 12.

This document does not contain any request for relief from this Court.  Therefore, as a motion (Doc. 12), it is **DENIED AS MOOT.**  Plaintiff is **ADVISED** that any document that he submits in the future which does not contain the proper caption and case number as reflected on this Order may be stricken from the Court's docket.

      **IT IS SO ORDERED.**

      **DATED: February 21, 2018**

                                  *s/J. Phil Gilbert*
                                  United States District Judge