IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN W. BOHN, # 08570-025, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1292-JPG |
| | ) |
| LT. DUGDALE, | ) |
| and DR. SEARS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for a preliminary merits review of the Second Amended Complaint (Doc. 16) pursuant to 28 U.S.C. § 1915A. The original Complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted. (Doc. 7). Plaintiff then filed a First Amended Complaint (Doc. 10), but also submitted several piecemeal documents in an attempt to supplement his pleadings. (Docs. 6, 13). The Court gave Plaintiff an opportunity to re-plead his factual allegations in a single document (Doc. 14), and he timely filed his Second Amended Complaint in response. He also submitted motions requesting the Court to recruit counsel for him. (Docs. 18, 19).

Plaintiff filed this action while he was an inmate in the FCI-Greenville ("Greenville"). He has since been transferred to the USP-Coleman in Florida. (Doc. 17).

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

1

28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that Plaintiff's claim against one Defendant survives threshold review under § 1915A.

### The Second Amended Complaint (Doc. 16)

While the original Complaint indicated that Plaintiff was attempting to bring a civil rights claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as well as a

Federal Tort Claims Act ("FTCA") claim, the Second Amended Complaint contains no mention of a possible FTCA action. It shall therefore be considered as a *Bivens* claim only.

Plaintiff claims that Lt. Dugdale and Dr Sears (Greenville psychologist) failed to secure his safety, because they did not find a razor which had been left in a Greenville suicide-watch room where Plaintiff was placed in August 22 and 23, 2017. (Doc. 16, pp. 5, 9). Plaintiff found the razor, and used it to slice his wrist 6 times.

When Plaintiff was initially placed on suicide watch on August 22, 2017, he alleges that the room "was cleared and secured by Lt. Dugdale and Dr. Sears[.] The razor was in said watch room during and after the search." (Doc. 16, p. 9). The next day (August 23), Lt. Dugdale performed another search of Plaintiff and the room. At that time Dugdale "overlooked the razor that was in plain view on top of the mattress, 2 feet from him." *Id.* Dugdale then left the room and secured Plaintiff inside. Plaintiff notes that the search was recorded on video.

Around 40 minutes later, Plaintiff used the razor to slice his wrist. *Id.* The attached incident report and health records note that Plaintiff's injuries were discovered within 15-20 minutes, and he was treated for "superficial" lacerations on his wrist and hand. (Doc. 16, pp. 11, 14).

In his appeal of a disciplinary action arising from the suicide attempt, Plaintiff maintained that he did not bring the razor into the cell, but that it had been left there by someone else. (Doc. 16, p. 12).

Plaintiff seeks compensatory and punitive damages, as well as an order sending him to "a medical facility under psych care & evaluation." (Doc. 16, p. 6).

Included within the Second Amended Complaint is a page entitled "Motion," in which Plaintiff seeks an order releasing video footage of the incident and other related evidence which

he has been unable to obtain. (Doc. 16, p. 8). The Clerk shall be directed to file this as a separate motion so that it may be addressed by the Court.

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Second Amended Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Lt. Dugdale, for confining Plaintiff in a suicide watch cell that contained a razor blade;
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Dr. Sears, for confining Plaintiff in a suicide watch cell that contained a razor blade.

Count 1 shall proceed for further consideration. Count 2 and Defendant Sears shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 1 – Deliberate Indifference - Dugdale

As the Court explained in the order dismissing the original Complaint, a negligent act or omission does not violate the Constitution and cannot support a civil rights claim. *See, e.g.*, *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Thus, if Dugdale was merely negligent in failing to find the razor blade – in other words, if he made a diligent but unsuccessful effort to search the cell for hazards, or even if

he was simply careless in carrying out the search and thus did not see the razor – Plaintiff will not be able to sustain a constitutional claim for deliberate indifference to a known risk of harm.[1]

Two elements are required in order to establish a violation of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's *knowledge* of a substantial risk of serious harm from the conditions. *Farmer*, 511 U.S. at 842.

The objective component of Plaintiff's Eighth Amendment claim is satisfied in that giving him access to a razor blade while he was on suicide watch would create an excessive risk to his health and safety. In order to meet the subjective portion of the claim, however, the Defendant prison official had to *know* that Plaintiff faced this risk of harm, yet deliberately failed to mitigate that risk. This is the factor that was lacking in the original Complaint.

In the Second Amended Complaint, Plaintiff now alleges for the first time that the razor was "in plain view" on top of the mattress in the suicide room, just 2 feet away from Dugdale when he conducted the second search of the room on August 23, 2017. This claim, liberally construed and taking Plaintiff's statement of the facts as true, could support a conclusion that Dugdale saw the razor but failed to remove it. This scenario would state a viable deliberate indifference claim. On the other hand, it could also be true that Dugdale exercised due care in

---

[1] As noted in the order at Doc. 7, a claim for negligence of a prison employee may be viable if brought in the context of a Federal Tort Claim action. (Doc. 7, pp. 5-6).

looking for hazards, but despite his efforts, failed to see the razor – a scenario that would indicate possible negligence, but not the knowledge required to sustain a constitutional claim. Further factual development will be necessary in order to determine whether Dugdale's actions rose to the level of deliberate indifference. Accordingly, Plaintiff may proceed at this time with the Eighth Amendment claim against Dugdale in **Count 1**.

### Dismissal of Count 2 – Deliberate Indifference – Sears

According to Plaintiff's recitation of the facts, Sears may have been present during the search of the suicide watch room on August 22, 2017, but he did not take part in the search conducted by Dugdale on August 23. (Doc. 16, pp. 5, 9). While Dr. Sears apparently ordered Plaintiff to be placed in a suicide watch room, that action would not have given Sears any knowledge that the hazardous razor was present there. And since Sears was not there to personally search the room on August 23, when the razor was allegedly in plain view on Plaintiff's mattress, he had no way to know of the danger it posed. Sears thus had no notice of this risk, which means there is no basis to conclude that he failed to take action to mitigate a known risk of harm to Plaintiff. These facts fail to support a deliberate indifference claim against Sears.

Furthermore, Sears cannot be held liable for any unconstitutional conduct on the part of Dugdale, merely because he may have directed Dugdale to conduct the searches. There is no supervisory liability in a civil rights action. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Accordingly, **Count 2** shall be dismissed from the action pursuant to § 1915A, for failure to state a claim upon which relief may be granted.

## Injunctive Relief

Plaintiff shall take note that, because he is no longer confined at Greenville or anywhere within the jurisdiction of the Southern District of Illinois, his request for injunctive relief cannot be addressed in the context of this action at this time. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Only if Plaintiff can show a realistic possibility that he would again be incarcerated at Greenville under the conditions described in his pleading, would it be proper for this Court to consider injunctive relief. *See Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)).

If Plaintiff still seeks to be housed in a medical facility or given psychiatric care, he must direct such a request to his current custodians.

## **Pending Motions**

Plaintiff has filed 2 motions requesting the Court to recruit counsel to represent him. (Docs. 18 & 19). Both motions are referred to the United States Magistrate Judge for further consideration.

## **Disposition**

The Clerk is **DIRECTED** to docket Page 8 of Doc. 16 as a "Motion for release of evidence." This motion is also referred to the United States Magistrate Judge for disposition.

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **SEARS** is **DISMISSED** from this action without prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **DUGDALE**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant **DUGDALE** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Second Amended Complaint (Doc. 16), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Second Amended Complaint (Doc. 16), and this Memorandum and Order.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motions for recruitment of counsel (Docs. 18 & 19), and the motion for release of evidence which shall be docketed pursuant to this order.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for

---

[2] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 12, 2018**

<pre>                                        s/J. Phil Gilbert
                                        United States District Judge</pre>